No. 88-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

RANDALL M. RUDOLPH,

        Plaintiff and Appellant,

   -vs-

ANN DUSSAULT, et al.,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Randall M. Rudolph, pro se, Warm Springs, Montana

    For Respondent:

        Robert L. Deschamps, III, County Attorney, Missoula,
        Montana; Michael Sehestedt, Deputy County Attorney

---

Submitted on Briefs: Sept. 23, 1988

Decided: November 1, 1988

Filed:

_____
Clerk

FILED
'88 NOV 1 AM 10 44
CLERK
MONTANA SUPREME COURT

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Rudolph appeals from the dismissal with prejudice of his pro se complaint by the District Court for the Fourth Judicial District, Missoula County. We affirm as modified in this opinion.

The issue is whether the District Court erred in dismissing Mr. Rudolph's complaint on its own motion.

Mr. Rudolph was arrested, tried, and convicted on charges of robbery. While he was awaiting sentencing following that trial, he commenced this civil action. We are unable to determine with certainty the specific allegations of the complaint because the original district court file has been lost. However, from the materials we have before us it appears that the complaint alleged that the defendants, listed as "city commissioners", the "unknown" chief of police, and 2 "unknown" city police officers, allowed Mr. Rudolph's constitutional rights to be violated during and immediately following his arrest. Mr. Rudolph claimed insufficient grounds for arrest, an unconstitutional line-up, and inadequate investigation of the crime with which he was charged. Although Mr. Rudolph filed his complaint with the District Court, there is no indication that he ever served or gave any notice of the complaint to the persons named as defendants. The court dismissed the complaint on its own motion four months after it was filed.

Did the District Court err in dismissing Mr. Rudolph's complaint on its own motion?

In dismissing Mr. Rudolph's complaint, the District Court stated that on its face, the complaint was "frivolous and fails to state any cognizable cause of action." The District Court did not explain its reasoning further. The

2

record concerning Mr. Rudolph's criminal conviction is now before this Court on appeal and we have taken notice of that record.

The individuals listed by name as defendants in this suit were, at the time of this action, county commissioners of Missoula County. The complaint does not allege any connection between county commissioners and the action of city police which is claimed to have deprived Mr. Rudolph of his rights. We conclude that as to Ann Dussault, Barbara Evans, and Janet Stevens, dismissal with prejudice was proper.

As to the remaining defendants, we recognize that Mr. Rudolph is appearing pro se and will not be held to the standards of pleading expected of attorneys. Though it does not expressly name the statute, Mr. Rudolph's complaint, broadly viewed, states a cause of action under 42 U.S.C. § 1983 for violation of civil rights. In such a case, collateral estoppel applies as to previous criminal proceedings. Allen v. McCurry (1980), 449 U.S. 90, 66 L.Ed.2d 308, 101 S.Ct. 411. Collateral estoppel is the doctrine that issues previously argued and ruled upon cannot be relitigated. Aetna Life and Cas. Ins. Co. v. Johnson (1984), 207 Mont. 409, 414-16, 673 P.2d 1277, 1280-81. Mr. Rudolph's claims may be barred under a theory of collateral estoppel as a result of the decision in the criminal proceeding against him.

The District Court in which this action was filed was the court which had heard the criminal case. It could properly take judicial notice, as have we, of that matter. However, since Mr. Rudolph's criminal conviction is on appeal before this Court, we conclude that dismissal of his complaint with prejudice was premature.

We hold that although the matters raised in the complaint may be barred by collateral estoppel, the dismissal

3

with prejudice was not proper. We amend the dismissal to provide as to all parties a dismissal without prejudice. We admonish Mr. Rudolph that he is required to have an adequate basis for the filing of another complaint.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4