No. 00-179

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 220

301 Mont. 180

8 P.3d 109

PATRICIA LYNN HEDGES,

Plaintiff and Appellant,

v.

VINCE WOODHOUSE and

BARBARA WOODHOUSE,

Defendants and Respondents.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

Honorable Katherine R. Curtis, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, P. C.,

Missoula, Montana

For Respondents:

James M. Ramlow, Kaufman, Vidal & Hileman, P. C.,

Kalispell, Montana

Submitted on Briefs: June 29, 2000

Decided: August 15, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 Patricia Lynn Hedges appeals an order of the Eleventh Judicial District Court, Flathead County, dismissing this action to quiet title to personal property. We affirm.

¶2 Hedges states the issue on appeal as whether the District Court erred in entering judgment voiding the transfer of the subject Melaleuca business to her and instead quieting title in Vince Woodhouse and Barbara Woodhouse.

¶3 Pursuant to Rule 12(c), M.R.Civ.P., the uncontroverted facts in the pleadings served as the factual basis for the parties' competing motions for judgment on the pleadings. Both Hedges and the Woodhouses claim title to an independent Melaleuca business formerly owned by the late Ruth Johnson. Hedges claims to have acquired title to the business through a written transfer executed by Johnson before her death; the Woodhouses, who were the co-personal representatives of Johnson's estate, claim title via a residuary devise in Johnson's Last Will and Testament.

¶4 Johnson's status as an "Independent Marketing Executive" for Melaleuca, Inc., was subject to the terms and conditions of an Independent Marketing Executive Agreement with Melaleuca, Inc., a copy of which was attached to the Woodhouses' answer to Hedges' complaint. As stated in the Woodhouses' answer, Paragraph 5 of those terms and conditions stated that the agreement did not constitute the sale of a franchise and that there are no exclusive Melaleuca territories.

¶5 Johnson's agreement with Melaleuca, Inc., was further subject to the Melaleuca Statement of Policies & Definitions of Terms, a copy of which was also attached to the

Woodhouses' answer to Hedges' complaint. Paragraph 18 of those Policies and Definitions of Terms imposed a requirement that Melaleuca must accept signed and acknowledged Organization Sale Request and Organization Purchase Request forms in respect to a transfer, during the owner's lifetime, of a Melaleuca business. As stated in the Woodhouses' answer, the Policies and Definitions of Terms additionally imposed a requirement that Melaleuca, Inc., must approve such a transfer in writing.

¶6 Hedges brought this action seeking to have title quieted in herself to the interest previously held by Johnson in her Melaleuca business. Hedges alleged in her complaint, and the Woodhouses admitted in their answer, that Melaleuca, Inc., had instead transferred Johnson's interest in the Melaleuca business to the Woodhouses. Both parties moved for judgment on the pleadings. In ruling on the ownership dispute, and even though neither party asserted such a position in the pleadings and briefs, the District Court ruled that the contract creating the business agreement was a franchise agreement. The court then ruled that the above-described contractual assignment requirements were valid and enforceable, and because they were not met in the alleged transfer of Johnson's business interest to Hedges, the assignment to Hedges was not valid. The court then ruled that the Woodhouses were entitled to judgment on the pleadings.

Discussion

¶7 Did the District Court err in entering judgment voiding the transfer of the subject Melaleuca business to Hedges and instead quieting title in the Woodhouses?

¶8 A movant for judgment on the pleadings pursuant to Rule 12(c), M.R.Civ.P., must establish that no material issue of fact remains and that she is entitled to judgment as a matter of law. *Clayton by Murphy v. Atlantic Richfield Co.* (1986), 221 Mont. 166, 169-70, 717 P.2d 558, 560. The pleadings are to be construed in the light most favorable to the nonmoving party, whose allegations are taken as true. *Fraunhofer v. Price* (1979), 182 Mont. 7, 12, 594 P.2d 324, 327. Because a motion for judgment on the pleadings is decided as a matter of law, we apply our standard of review for conclusions of law: whether the decision was correct. *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

¶9 In her briefs to the District Court on the motions for judgment on the pleadings, Hedges argued that the transfer requirements contained in Melaleuca, Inc.'s Statement of Policies

& Definitions of Terms were void and unenforceable because they violated Montana statutes prohibiting restraints on trade and unreasonable restraints on alienation. She has abandoned those arguments on appeal.

¶10 On appeal, Hedges concedes that the transfer of Johnson's Melaleuca business to her did not comply with the terms of the contract set forth above. She points out, however, that the District Court ruled that the Melaleuca contract was in fact a franchise agreement. Hedges argues that anti-assignment clauses in franchise agreements are enforceable only against the contracting party, not against an assignee, which status she claims to hold. *See* Restatement (second) of contracts, § 322(2)(b) (1981). Citing a New York case, *Bidwell v. Long* (N.Y.App.Div. 1961), 218 N.Y.S.2d 108, Hedges also contends on appeal that the Woodhouses cannot avail themselves of the anti-assignment-clause defense because that clause benefits Melaleuca alone.

¶11 Hedges did not raise these arguments in her brief to the District Court. This Court has frequently refused to consider new issues on appeal. "The rule is well established that we do not consider issues raised for the first time on appeal." *Jefferson County ex rel. Board of Com'rs v. McCauley Ranches*, 1999 MT 333, ¶ 24, 297 Mont. 392, ¶ 24, 994 P.2d 11, ¶ 24.

¶12 Hedges asserts that the District Court's *sua sponte* ruling that the Melaleuca business agreement was in fact a franchise agreement renders the issues she now raises fair game for appeal. However, even on the merits, we conclude that the District Court's decision was correct. Hedges' arguments on appeal relating to the Woodhouses' standing to raise an anti-assignment-clause defense are beside the point. A court may consider all relevant law pertaining to resolution of the question presented in the case. *Willson v. Terry* (1994), 265 Mont. 119, 122, 874 P.2d 1234, 1236. The validity of Hedges' claim of ownership of the Melaleuca business was unarguably raised in her action to quiet title to that property, and the District Court thus had the authority to rule upon that question. Whether the Woodhouses would have had standing to raise the issue is irrelevant.

¶13 Montana law enforces contract clauses requiring consent prior to assignment of a party's rights. In *Rother-Gallagher v. Montana Power Co.* (1974), 164 Mont. 360, 522 P.2d 1226, this Court held that an attempted assignment of a party's rights to a roadbuilding and timber removal contract was void. The Court noted that while some courts in other states have ruled differently:

it has long been the law of this state . . . that provisions for nonassignment in a contract will be upheld. The key case . . . holds that nonconsent to assignment (where nonassignability is set forth in the contract) destroys or precludes the establishment of privity between an alleged assignee and the other party.

*Rother-Gallagher, 164 Mont. at 364, 522 P.2d at 1228.*

¶14 We conclude that the District Court was correct in determining that the contractual restrictions on assignment of the Melaleuca contract must be met in order to accomplish a valid assignment of the contract during Johnson's lifetime. Given Hedges' concession that those restrictions were not met in the attempted assignment from Johnson to her, we hold that the District Court was correct in granting judgment on the pleadings for the Woodhouses.

¶15 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART