No. 01-320

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 58

ANTHEL L. BROWN,

Plaintiff and Appellant,

v.

STATE OF MONTANA; RICK DAY, Director of
the Department of Corrections and Human Services;
MIKE MAHONEY, Warden of Montana State
Prison; JANET COX, Records Department
Supervisor; MONTANA DEPARTMENT OF
CORRECTIONS AND HUMAN SERVICES,
and MONTANA STATE PRISON,

Defendants and Respondents.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark,
Honorable Thomas C. Honzel, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Anthel L. Brown, Pro Se, Deer Lodge, Montana

For Respondent:

Honorable Mike McGrath, Attorney General, Helena, Montana

Diana Liebinger Koch, Department of Corrections, Helena, Montana

Submitted on Briefs:   December 6, 2001

Decided:   March 28, 2002

Filed:

_____

Clerk


Justice W. William Leaphart delivered the Opinion of the Court.


¶1    Anthel L. Brown appeals from the March 30, 2001, Memorandum and Order of the First Judicial District Court, Lewis and Clark County, dismissing Brown's claims.  We affirm.

¶2    Brown raises the following issues on appeal:

¶3    1.    Did the District Court err in granting judgment to Defendants without first conducting a hearing?

¶4    2.    Did the District Court err in holding that Brown failed to state a cognizable claim under 42 U.S.C. § 1983?


## FACTS AND PROCEDURAL BACKGROUND

¶5    In 1976, Brown was charged, convicted and sentenced on his plea of guilty to five separate felonies.  Brown was sentenced to serve ten years for theft, one hundred years for deliberate homicide, twenty years for sexual intercourse without consent, forty years for robbery and twenty years for aggravated assault.  The court ordered that, for purposes of parole, the sentences were separate and would be served consecutively.  In 1982, Brown was sentenced to an additional four years for the offense of escape, which sentence was to run consecutively to the 1976 sentences.

¶6    In 1993, Brown filed a petition for writ of habeas corpus with this Court.  Brown argued that prison officials had miscalculated his parole eligibility date by applying an unconstitutional parole statute and through miscalculation and misapplication of his earned good time credits.  We denied Brown's petition, holding that Brown had misinterpreted the parole statute and that the statute was constitutional.  Resolution of these issues did not require us to calculate or apply Brown's earned good time credit.

¶7    In May 1996, Brown filed a complaint in the First Judicial District Court pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, seeking to address alleged deprivations of his rights by prison officials.  Upon motion by Defendants, the District Court dismissed the complaint for failure to state a claim, pursuant to Rule 12(b)(6), M.R.Civ.P.  The court held that the issues Brown raised in his complaint were, in essence, the same issues previously litigated in his 1993 petition for writ of habeas corpus, and therefore

the claims were barred by the doctrine of collateral estoppel.

¶8    Brown appealed and this Court remanded the case back to the District Court, concluding that the District Court mischaracterized the issues in the 1993 Writ, and because we did not consider Brown's earned good time credits in the 1993 Writ, that three of Brown's claims were not barred by collateral estoppel.  Brown's remaining claims were: (1) prison officials' alleged failure to apply good time credits at 13 days per month from 1982 through 1992; (2) prison officials' alleged failure to recalculate Brown's good time credits in light of statements made by them pertaining to Brown's eligibility date in his previous suit; and (3) application of the new inmate policy to Brown constituted an ex post facto application of the law.  Brown v. State (1997), No. 96-651 (unpublished) (hereinafter Brown I).

¶9    After an unexplained delay of approximately four years, the District Court dismissed Brown's remaining claims, holding that they were not cognizable under § 1983.  This appeal followed.

## DISCUSSION

¶10    Did the District Court err in granting judgment to Defendants without first holding a hearing?

¶11    Brown argues that the District Court's failure "to follow the previous remand ORDER from this Court April 15, 1997–over four (4) years ago, should be addressed by the Court and some type of remedial ORDER or guidelines developed to require a District Court to hold hearings when ordered to do so.  This is an ongoing problem faced by pro se prisoner litigants at the District Court level which this Court should address."

¶12    Defendants did not respond to this argument in their brief, and Brown argues in his reply that "[f]ailure to address this issue is an admission that Appellant is correct on the subject.  Rule 8(d) of the Rules of Civil Procedure."

¶13    Rule 8(d), M.R.Civ.P., provides that, "[a]verments in a pleading to which a responsive pleading is required, . . . are admitted when not denied in the responsive pleading.  Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

¶14    Brown has misapplied Rule 8(d) to these proceedings.  Rule 1, M.R.Civ.P., states that, "[t]hese rules govern the procedure in the district courts of the state of Montana."  The Rules of Appellate Procedure apply to this appeal, and those rules do not contain a provision similar to Rule 8(d).

¶15    On remand, the trial court is free to make any order or decision in further progress of the case, not inconsistent with the decision of the appellate court.  Haines Pipeline Const., Inc. v. Montana Power Co. (1994), 265 Mont. 282, 290, 876 P.2d 632, 637.

¶16    In Brown I, our direction to "remand for further proceedings," did not require the District Court to conduct a hearing as argued by Brown.  Accordingly, the District Court did not err when declining to conduct a hearing on remand.

¶17    Did the District Court err in holding that Brown failed to state a cognizable claim under 42 U.S.C.

§ 1983?

¶18    The District Court granted Defendants' motion for judgment on the pleadings, pursuant to Rule 12 (c), M.R.Civ.P.  A movant for judgment on the pleadings must establish that no material issue of fact remains and that the movant is entitled to judgment as a matter of law.  Hedges v. Woodhouse, 2000 MT 220, ¶ 8, 301 Mont. 180, ¶ 8, 8 P.3d 109, ¶ 8.  The district court must construe the pleadings in the light most favorable to the nonmoving party, whose allegations are taken as true.  Hedges, ¶ 8.  A district court's decision on a motion for judgment on the pleadings is a conclusion of law and this Court reviews the district court's conclusions of law to determine if the trial court's decision was correct.  Hedges, ¶ 8.

¶19    The District Court held that Brown's claims were barred by Heck v. Humphrey (1994), 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383.   In Heck, the Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.  Heck, 512 U.S. at 487, 114 S.Ct. at 2372, 129 L.Ed.2d at 394.  The District Court concluded that Brown's claim, essentially, is that "by miscalculating his good time, the Defendants are subjecting him to extended unlawful incarceration. This implicates the validity of his continued incarceration."

¶20    Brown argues that the District Court erred in concluding that his claim implicates the validity of his continued incarceration.  He states that, because his sentence is for a total of 194 years, a favorable ruling would only allow him an earlier parole appearance; his period of incarceration would not be shortened because there is no guarantee that he would be granted parole.

¶21    Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.  Preiser v. Rodriguez (1973), 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439, 456.  In Preiser, the Supreme Court concluded that Congress had provided state prisoners with a specific remedy through habeas corpus, and that specific provision overrides the general terms of § 1983.

¶22    In Heck, the petitioner did not seek immediate or speedier release, but monetary damages, and argued that he could not obtain those damages through a habeas corpus proceeding.  The Court held that:

         in order to recover damages for allegedly unconstitutional conviction or
         imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been
         reversed on direct appeal, expunged by executive order, declared invalid by a state
         tribunal authorized to make such determination, or called into question by a federal
         court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  . . .  Thus, when a state
         prisoner seeks damages in a § 1983 suit, the district court must consider whether a
         judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction
         or sentence; if it would, the complaint must be dismissed unless the plaintiff can
         demonstrate that the conviction or sentence has already been invalidated.  But if the
         district court determines that the plaintiff's action, even if successful, will not demonstrate
         the invalidity of any outstanding criminal judgment against the plaintiff, the action should

be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372-73, 129 L.Ed.2d at 394.

¶23   Brown attempts to distinguish his situation from Heck and its progeny by casting his claim as one for an earlier parole appearance, rather than as effecting his ultimate release date.  He states that "[e]ven if he were to receive 'day for day' good time credit toward this sentence [194 years], he would never live long enough to discharge the sentence.  The only result of a favorable ruling would be for him to receive a parole appearance and be considered for parole."

¶24   The Ninth Circuit considered a similar argument in Neal v. Shimoda (1997), 131 F.3d 818.  In that case, state prisoners were challenging their classification as sex offenders.  As a result of the classification, the prisoners became ineligible for parole until completing a treatment program.  The court held that this challenge did not fall under the rubric of Heck because a decision in the prisoners' favor would not "undermine the validity of their convictions or continuing confinement at all.  The only benefit that a victory in this case would provide [the prisoners], besides the possibility of monetary damages, is a ticket to get in the door of the parole board, thus only making them eligible for parole consideration . . . [I]t will in no way guarantee parole or necessarily shorten their prison sentences by a single day."  Neal, 131 F.3d at 824 (emphasis in original).

¶25   Brown's case is easily distinguishable from Neal.  The prisoners in Neal were challenging the process by which they were declared sex offenders.  The label did not affect their sentences, but only affected their eligibility for parole.  Brown, on the other hand, claims that prison officials improperly calculated his good time credits.  If Brown is successful and receives his good time credit, it will indeed shorten his prison sentence, albeit not enough to have any practical impact.

¶26   We hold that Brown's claims, if proven, would necessarily imply the invalidity of his conviction or sentence and are therefore not cognizable under § 1983 unless he can demonstrate that the conviction or sentence has already been invalidated.  As we noted in Brown I, Brown's claims are not barred by the doctrine of collateral estoppel and may be brought in a proceeding for a writ of habeas corpus.

¶27   The District Court is affirmed.

/S/ W. WILLIAM
LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶28    In Heck v. Humphrey, a portion of which is set forth in ¶ 22 of the Court's opinion, the United States Supreme Court held that if the District Court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of his outstanding criminal conviction, then a § 1983 action should be allowed to proceed, unless there is some other bar to the suit.  Heck, 512 U.S. at 486-87.  Here, even if Brown was successful in his action, his outstanding criminal judgment would not in any sense be invalidated.

¶29    As in Neil v. Shimoda, cited by this Court at ¶ 24, the only benefit Brown might receive if his § 1983 cause of action was successful, would be a possible advancement of his opportunity to appear before the Parole Board.  This brings his case squarely within the Neil v. Shimoda holding.  I would therefore reverse the holding of the District Court that Brown failed to state a cognizable cause of action under 42 U.S.C. 1983.

/S/
PATRICIA COTTER

Justice Terry N. Trieweiler joins in the foregoing dissent.

/S/ TERRY
N. TRIEWEILER