No. 02-221

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 210N

PETER E. VAN HAREN,

       Plaintiff,

   v.

CLAY BRESHEARS,

       Third-Party Plaintiff and Appellant,

   v.

CITY OF BILLINGS,

       Third-Party Defendant and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

            Ingrid Gustafson; Graves, Toennis & Gustafson, Billings, Montana

       For Respondent:

            Harlan B. Krogh, Gerry Fagan; Moulton, Bellingham, Longo & Mather, Billings, Montana

                     Submitted on Briefs:  July 11, 2002

                              Decided:  September 17, 2002

Filed:

                           _____

                                   Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Clay Breshears filed a third-party complaint against his employer, the City of Billings, contending the City must indemnify and defend him in a suit filed against him by former co-worker Peter Van Haren. The City moved for judgment on the pleadings pursuant to Rule 12(c), M.R.Civ.P., and the Thirteenth Judicial District Court, Yellowstone County, granted the motion. Breshears appeals. We reverse and remand.

BACKGROUND

¶3 Van Haren sued Breshears, his former City of Billings co-worker, for committing an "intentional and malicious" act resulting in injury while the two were at work. Breshears subsequently initiated a third-party claim against the City, asserting that his alleged conduct was imputable to the City under the doctrine of *respondeat superior*. This case then became a procedural nightmare. For purposes of this opinion, we need set forth only the following additional background.

¶4    Van Haren sought leave to amend his complaint to add the City as a defendant.  The District Court denied the motion, determining as a matter of law that Breshears did not commit the alleged acts within the scope of his employment.  The City subsequently moved for judgment on the pleadings pursuant to Rule 12(c), M.R.Civ.P., asserting no material issue of fact remained and the court's determination on the scope of employment issue entitled the City to judgment as a matter of law.  Breshears opposed the motion and argued disputed facts existed which made the scope of employment issue a matter of fact, not law.  The District Court granted the City's motion, finding and concluding that Breshears' conduct was not within the course and scope of his employment, was malicious, and constituted the criminal offense of assault.  Based on these findings and conclusions, the District Court determined the City need not indemnify Breshears.  Breshears appeals.

                              DISCUSSION

¶5    The issue on appeal is whether the District Court erred in granting the City's motion for judgment on the pleadings pursuant to Rule 12(c), M.R.Civ.P.

¶6    A district court's decision on whether to grant a motion for judgment on the pleadings is a conclusion of law. We review conclusions of law to determine whether they are correct.  *See Hedges v. Woodhouse*, 2000 MT 220, ¶ 8, 301 Mont. 180, ¶ 8, 8 P.3d 109, ¶ 8.

¶7    The law relating to a trial court's consideration of a motion for judgment on the pleadings is well-settled in Montana.  "If, on

                                 3

a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Rule 12(c), M.R.Civ.P. In other words, if a trial court considers matters not contained in the pleadings, it must convert a motion for judgment on the pleadings to a motion for summary judgment. *See Mathews v. Glacier General Assur. Co.* (1979), 184 Mont. 368, 375-76, 603 P.2d 232, 236-37. In such an event, the court must give all parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(c), M.R.Civ.P. Moreover, the language in Rule 12(c) regarding "conversion" to a Rule 56 motion is identical to that contained in Rule 12(b), and, as a result, the "conversion" requirements under both subsections of Rule 12 are the same. *See Bretz v. Ayers* (1988), 232 Mont. 132, 136, 756 P.2d 1115, 1118. Consequently, before a trial court can convert a Rule 12(c) motion to a Rule 56 motion, it must give the parties formal notice of its intent to do so in order that the parties have the opportunity to present all pertinent facts and avoid surprise. *See Hoveland v. Petaja* (1992), 252 Mont. 268, 271, 828 P.2d 392, 393-94.

¶8   In ruling on the City's motion for judgment on the pleadings in the present case, the District Court stated it was giving Breshears "the benefit of any doubt concerning discovery and all other content of the court file. . . ." Thus the court clearly considered matters outside the pleadings. In doing so, it essentially converted the motion to a Rule 56 motion. However, the

4

court failed to give notice to the parties that it intended to do so and, consequently, the court erred. Indeed, the court stated it was granting the City's motion for judgment on the pleadings. For the reasons discussed above, this, too, constitutes error and remand is necessary for the District Court to properly resolve the City's motion under either Rule 12(c) or Rule 56, M.R.Civ.P., after notice and an opportunity for the parties to present all pertinent materials.

¶9 Reversed and remanded for further proceedings consistent with this opinion.

/S/ KARLA M. GRAY

We concur:


/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE