JUSTICE COTTER
concurring in part and dissenting in part.
¶33 I dissent. I would conclude that Ereth’s claim and other similar claims should be analyzed pursuant to the “one-track” approach. I concur, however, in the Court’s decision to allow Ereth’s claim to proceed.
¶34 While the Court notes at ¶ 17 of its Opinion that there are four elements to a cause of action for legal malpractice, and proceeds to recite those elements, the Court goes on to analyze and decide Ereth’s case without further reference to them. The key element of legal malpractice at issue here-which Ereth could not have satisfied had she filed suit against Cascade County before we reversed the District Court’s decision denying her motion to withdraw her guilty plea-is the fourth element of the claim, i.e., establishing that the professional’s conduct was the proximate cause of her injury.
*367 ¶35 As this Court points out, Ereth entered an Alford plea in exchange for consideration of a lesser sentence. Upon having second thoughts, she moved not once but twice to withdraw her guilty plea, both times unsuccessfully. The basis for her motion was her belief that Albers negligently coerced her into accepting an Alford plea. The District Court rejected Ereth’s request to withdraw her plea, and sentenced her to ten years of incarceration on her plea of guilty. The question is: until this Court reversed the decision of the District Court, how could Ereth possibly establish that her guilty plea and imprisonment were the result of Albers’ misconduct and not her own?
¶36 In Uhler v. Doak, this Court concluded that the period of limitations within which a cause of action for attorney malpractice must be commenced, does not begin to run until the cause of action accrues. Uhler, 268 Mont. at 200. As we further noted in Uhler, the accrual of a cause of action is governed by § 27-2-102(l)(a), MCA, which provides in pertinent part, that a cause of action accrues when all elements of the claim or cause exist or have occurred, and “the right to maintain an action on the claim or cause is complete ....” We farther noted in Uhler, as we have in numerous other cases, that the plaintiff in a malpractice action must show that “but for” the negligence of the attorney, she would have been successful in her defense of the action. Uhler, 268 Mont. at 196, 885 P.2d at 1300; Lorash v. Eptstein (1989), 236 Mont. 21, 24, 767 P.2d 1335, 1337.
¶37 There is no way that Ereth could have satisfied the accrual component of the cause of action or the “but for” test, until such time as this Court reversed the District Court’s refusal to allow her to set aside her guilty plea. For, before this occurred, there was a guilty plea, a conviction, and sentence for sexual assault and sexual intercourse without consent against Ereth. Unless this conviction was set aside, Ereth’s own criminal actions-and not the conduct of Albers-would be presumed to be the proximate cause of her injury. Until that criminal conviction was set aside, Ereth would be collaterally estopped from arguing her innocence, and would therefore have no basis for stating a cause of action against Albers.
¶38 Although the Court correctly notes that the precise issue before us is one of first impression, we have considered and rejected claims similar to that brought by Ereth, because the claim was brought before the underlying conviction was invalidated. In Brown v. State, 2002 MT 58, 309 Mont. 106, 46 P.3d 42, Justice Leaphart, writing for the Court, affirmed the district court’s dismissal of Brown’s cause of action under 42 U.S.C § 1983 against the state for alleged deprivation *368 of his rights by prison officials. Relying on Heck v. Humphrey (1994), 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383, we concluded that "... Brown’s claims, if proven, would necessarily imply the invalidity of his ~ conviction or sentence and are therefore not cognizable under § 1983 unless he can demonstrate that the conviction or sentence has already been invalidated.” Brown, ¶ 26. In Rudolph v. Dussault (1988), 234 Mont. 449, 763 P.2d 1139, we similarly concluded that Rudolph would be barred by collateral estoppel from bringing a cause of action against the city for violation of his civil rights, in light of his criminal conviction. In both of these cases, we concluded that the criminal conviction was a bar to the defendant’s pursuit of a civil action arising out of the criminal matter. The same logic applies to Ereth’s claims here: until her criminal conviction was dismissed, Ereth would not have been able to establish that, but for Alber’s negligence, she would not have been wrongfully convicted and imprisoned.
¶39 For the foregoing reasons, and for the policy reasons set forth in Canaan, Noske, and the other “one-track” cases addressed in the Court’s Opinion, I dissent from our application of the “two-track” approach to Ereth’s legal malpractice case. I would apply the “one-track” approach here and in similar cases arising in the future.
JUSTICE REGNIER joins in the foregoing concurrence and dissent of JUSTICE COTTER.