*130 CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶57 I concur in the Court’s opinion on issue one, which affirms the District Court’s denial of Clark’s motion for a new trial. I dissent from the Court’s decision to address and resolve the second issue. I would address the scope of remand question sua sponte and conclude that the District Court exceeded the scope of our remand-and, therefore, its power-by entertaining and resolving the sentencing matter as part of the proceeding on remand. As a result, I would hold the second issue is not properly before us. In that regard, I join Justice Rice’s dissent and his analysis of Zavarelli and Haines. I write separately to address the scope of remand issue in more detail.
¶58 Section 3-2-204, MCA, provides that this Court may affirm, reverse or modify any judgment or order from which an appeal is taken or direct “further proceedings to be had.” The statute, of course, merely restates our constitutional appellate authority. See Mont. Const, art. VII, § 2(1).
¶59 Two issues were raised in Clark I: an assertion of instructional error and an assertion of error in the denial of defendant’s motion for a new trial. We ultimately affirmed the judgment of conviction. Clark I, ¶¶ 3, 4 and 43. We also clarified one aspect of the law relating to motions for new trial, but we could not determine whether or not the trial court had correctly applied the law in denying the motion for new trial. Clark I, ¶¶ 34-42. Consequently, we reversed that order and remanded “for the District Court to undertake anew Clark’s motion for new trial.” Clark I, ¶ 42. In summarizing the outcome, we stated we were remanding for “further proceedings consistent with this opinion.” Clark I, ¶ 43. Obviously, the further consistent proceedings could only include the previously-and expressly-stated reconsideration of the motion for new trial.
¶60 On remand, nearly two months after the District Court denied his motion for new trial and nearly two and one-half years after the Judgment and Commitment in his case, defendant moved to amend thejudgment. He asserted that there was an abuse of discretion in the sentence originally imposed. The District Court entertained the issue, and resolved it in the State’s favor. In my view, given the carefully limited power we returned to the District Court on remand, that court did not have the power or authority to consider the sentencing issue at all.
¶61 This is not a new concept in Montana law. Our cases have long held that, on remand after appeal, the trial court’s duty is to comply *131 with the mandate of this Court and to obey the directions therein; the trial court commits error if it fails to follow those directions. See e.g. State ex rel. Olson v. District Court, 184 Mont. 346, 349, n602 P.2d 1002, 1004 (1979) (citations omitted). Indeed, this conclusion is “both logical and clearly expressed [in Montana statute].” See In re Marriage of Sarsfield, 215 Mont. 123, 125, 495 P.2d 473, 474 (1985). We also have held that a trial court cannot ignore an appellate court’s mandate in disposing of a case on remand; doing so constitutes error. Marriage of Sarsfield, 215 Mont. at 125, 495 P.2d at 474. Finally, and more recently, we repeated that on remand, the trial court may “make any order not inconsistent with the decision of the appellate court.” Brown v. State, 2002 MT 58, ¶ 15 309 Mont. 106, ¶ 15, 46 P.3d 42, ¶ 15 (citation omitted).
¶62 Here, we remanded for reconsideration of the motion for new trial in light of our clarification in Clark I-no less and no more. That remand, in my view, put mandatory constraints on the trial court’s power and authority to act on remand. The District Court in the present case did follow our directive regarding the motion for new trial, and I join the Court in affirming that decision in issue one. Long after the District Court had met its obligation on remand, Clark moved to amend the years’ old Judgment and Commitment. The District Court’s action in entertaining and resolving that motion constituted error in that the court exceeded the scope of our remand. In my view, a trial court which does more than it was empowered to do on remand ignores our directives and is inconsistent with our instructions every bit as much as a trial court which does less or which otherwise acts differently from our remand instructions.
¶63 The Court concludes that this matter of whether the District Court exceeded the scope of our remand cannot be addressed here because the State did not object on remand and, indeed, “acquiesced.” It is my view that a party cannot vest or divest a court of the power or authority to entertain and resolve an issue. Indeed, this is particularly true where that court is already constrained by this Court’s remand.
¶64 Some may argue that we do not always provide precise instructions on remand, and that may be so. It was not, however, the case in Clark I, as the Court admits in ¶ 10. Some also might contend that the scope of remand is neither an important question nor one which this Court should notice sua sponte. I would strongly disagree. Leaving the determination of a trial court’s authority to act on remand to a party to raise seems simply injudicious. I believe this Court must be much more watchful than that of its authority, and of the power and *132 authority of trial courts. Furthermore, such an approach would leave the timely finality of cases to counsel’s watchful eye. Given our longstanding jurisprudence about the importance of the finality of cases, this strikes me as most unwise. See e.g. Tipp v. Skjelset, 1998 MT 263, ¶ 28, 291 Mont. 288, ¶ 28, 967 P.2d 787, ¶ 28 (citation omitted).
¶65 Finally, I recognize that some might be concerned about being able to review and correct a purportedly illegal sentence. I would respond that there are a variety of statutory methods of challenging allegedly illegal sentences, including-but not necessarily limited to-direct appeal and postconviction relief (via a claim of ineffective assistance of counsel). In addition, habeas corpus relief is available to an incarcerated person wishing to challenge the legality of the duration of confinement. See Brown, ¶ 21.
¶66 Importantly, a motion to amend a 2½-year-old judgment is not a cognizable means of challenging an allegedly illegal sentence. Here, Clark does not assert that his original sentence was illegal or, indeed, that the sentence he now is being allowed to appeal is illegal. He merely asserts that the sentencing court abused its discretion in resentencing him. In that regard, if the challenge is to a sentence asserted to be objectionable, but not illegal, I cannot imagine the basis on which either the trial court or this Court could consider it at this very late date. See State v. Hameline, 2008 MT 241, ¶ 12, 344 Mont. 461, ¶ 12, 188 P.3d 1052, ¶ 12; State v. Kirkland, 2008 MT 107, ¶ 8, 342 Mont. 365, ¶ 8, 181 P.3d 616, ¶ 8 (citation omitted). To avoid this additional problem, the Court simply concludes the sentence is illegal, and constructs a new analysis never advanced by Clark.
¶67 For me, the bottom line is that we should not stray into allowing trial cotuts on remand to exercise power they simply do not have. Therefore, I join the Court’s opinion on issue one, but strenuously dissent from the Court’s opinion on issue two. I would hold that the District Court exceeded its authority on remand in considering the sentencing claim and that Clark has readily available options to challenge the sentence in the event he or his seasoned counsel believe it is illegal.