FILED

05/12/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0391

DA 19-0391

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 120

---

GARY WINGFIELD, EDNA WINGFIELD,
AT HOME ASSISTED LIVING, a Montana Corporation,
and AT HOME ALSO, a Montana Corporation,

      Plaintiffs and Appellants,

    v.

DEPARTMENT OF PUBLIC HEALTH
AND HUMAN SERVICES,

      Defendant and Appellee.

---

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-18-900
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Quentin M. Rhoades, Nicole L. Siefert, Kristin Bannigan, Rhoades Siefert
& Erickson PLLC, Missoula, Montana

      For Appellee:

            Rutherford B. Hayes, Risk Management and Tort Defense Division,
Helena, Montana

---

Submitted on Briefs:  January 29, 2020

Decided:  May 12, 2020

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Gary Wingfield, Edna Wingfield (collectively, the "Wingfields"), and At Home Assisted Living and At Home Also (collectively, "At Home") appeal the June 5, 2019 Order of the Fourth Judicial District Court, Missoula County, granting Defendant and Appellee Montana Department of Public Health and Human Services' (DPHHS) motion for M. R. Civ. P. 12(c) judgment on the pleadings. We restate the issue on appeal as follows:

> *Whether the District Court erroneously granted judgment on the pleadings by concluding that the guardians had the authority to decide whether their wards would return to At Home's facility.*

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 At Home is a licensed assisted living facility owned by the Wingfields in Missoula, Montana. On February 24, 2017, the DPHHS Quality Assurance Division, Licensure Bureau suspended At Home's license for noncompliance with certain DPHHS rules and regulations and required all of At Home's residents to be relocated in the next month.

¶4 On August 25, 2017, DPHHS reinstated At Home's license after At Home took corrective steps to bring their facilities into compliance. Afterward, some relocated residents, who were wards with appointed guardians by the DPHHS Adult Protection Services (APS), expressed a desire to return to the facility. The APS guardians refused to allow the wards to return.

2

¶5 The Wingfields and At Home sued DPHHS, alleging one count of "intentional interference" based on the APS guardians' refusal to allow their wards to return to At Home. DPHHS moved for Rule 12(c) judgment on the pleadings. The District Court granted DPHHS's motion. The Wingfields and At Home appeal.

## STANDARDS OF REVIEW

¶6 A district court's grant or denial of a Rule 12(c) motion for judgment on the pleadings is a matter of law which we review for correctness. *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 17, 321 Mont. 364, 91 P.3d 569 (citing *Hedges v. Woodhouse*, 2000 MT 220, ¶ 8, 301 Mont. 180, 8 P.3d 109). A motion for judgment on the pleadings may be filed "after the pleadings are closed—but early enough not to delay trial . . . ." M. R. Civ. P. 12(c). A court evaluating such a motion must construe the pleadings in a light most favorable to the nonmovant, taking as true the nonmovant's well-pleaded factual allegations. *Mont. Interventional & Diagnostic Radiology Specialists, PLLC v. St. Peter's Hosp.*, 2015 MT 258, ¶ 11, 381 Mont. 25, 355 P.3d 777; *Paulson*, ¶ 17. A court may enter judgment on the pleadings where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *See Mont. Interventional*, ¶ 11.

## DISCUSSION

¶7 *Whether the District Court erroneously granted judgment on the pleadings by concluding that the guardians had the authority to decide whether their wards would return to At Home's facility.*

¶8 Montana recognizes two intentional interference tort theories: "intentional interference with prospective economic advantage," and "tortious or intentional

3

interference with contractual relations." *Maloney v. Home & Inv. Ctr., Inc.*, 2000 MT 34, ¶ 41, 298 Mont. 213, 994 P.2d 1124 (citing *Morrow v. FBS Ins. Mont.-Hoiness Labar, Inc.*, 230 Mont. 262, 266-67, 749 P.2d 1073, 1076 (1988)).  Both torts include the following four elements, all of which must be satisfied in order for the plaintiff to prevail:

> (1) an intentional and willful act;
> (2) calculated to cause damage to the plaintiff's business;
> (3) with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor; and,
> (4) the act results in actual damage or loss.

*Maloney*, ¶ 41 (citing *Sebena v. AAA*, 280 Mont. 305, 309, 930 P.2d 51, 53 (1996); *Bolz v. Myers*, 200 Mont. 286, 295, 651 P.2d 606, 611 (1982)).  "The key difference between the two tort theories is that" intentional interference with prospective economic advantage "does not require that a contract exist between any of the involved parties." *Maloney*, ¶ 42.  Instead, we focus on whether a third-party acted with the intention to disrupt the other parties' business or economic relationship, or their reasonable prospects of entering such a relationship.  *Maloney*, ¶ 42 (citations omitted).

¶9     The Wingfields and At Home argue that they sufficiently pled intentional interference by alleging the APS guardians, acting as agents of DPHHS, "refused, prevented, and outrightly prohibited their wards' requests to return to At Home" for the purpose of damaging At Home's business.  We disagree.

¶10    "A court-appointed full guardian of an incapacitated person has the same powers, rights, and duties respecting the ward that a parent has respecting an unemancipated minor child . . . ."  *In re J.A.L.*, 2014 MT 196, ¶ 12, 376 Mont. 18, 329 P.3d 1273

4

(citing § 72-5-321(2), MCA).[1]  Except as limited by a court order, the guardian's powers and duties include the custodial rights to the ward and the authority to determine the ward's place of residence.  *See* § 72-5-321(2)(a), MCA.  The guardian is also required to "make provision for the care, comfort, and maintenance of the ward . . . ." Section 72-5-321(2)(b), MCA.  When carrying out these powers and duties, the guardian must act in the best interest of the ward, which may sometimes be contrary to the ward's stated wishes.  *See In re J.A.L.*, ¶ 12 (citing *In re Marriage of Denowh*, 2003 MT 244, ¶ 18, 317 Mont. 314, 78 P.3d 63) ("[T]he guiding principle to evaluate a guardian's actions should be whether they seek some benefit to the ward, or are in the ward's best interests.").

¶11    The APS guardians' decision was expressly authorized by § 72-5-321(2)(a), MCA. The guardians were not required to follow their wards' wishes or apply the wards' substituted judgment when making their decision.  Because the APS guardians had the right to act as they did, their conduct does not amount to intentional interference with prospective economic advantage or tortious or intentional interference with contractual relations.  *See Phillips v. Mont. Educ. Ass'n*, 187 Mont. 419, 425, 610 P.2d 154, 158 (1980) (affirming district court's decision that corporate directors' interference with contractual relations was justified when taken in furtherance of the corporation's best interest). Recognizing that all four elements of intentional interference must be met in order for the Wingfields' and At Home's claim to proceed, *Maloney*, ¶ 41, we hold the District Court

---

[1] The Wingfields and At Home do not dispute the wards' capacities, nor do they seek to terminate APS's guardianships of the wards.

did not err when it determined the Wingfields and At Home's amended complaint presented no material factual dispute relevant to the claim of intentional interference and that DPHHS was entitled to judgment on the pleadings as a matter of law.

## CONCLUSION

¶12     The District Court did not err when it entered Rule 12(c) judgment on the pleadings upon determining the guardians had authority to determine where the wards would reside. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON